## ASAVEDO
### v.
## UNITED GEOPHYSICAL CO., Inc.
### Civ. No. 4066.

United States District Court,
E. D. Louisiana, New Orleans Division.

Feb. 23, 1954.

William F. Roy, Jr., Arabi, La., O. S. Livaudais, Jr., New Orleans, La., for plaintiff.

William E. Wright, Terriberry, Young, Rault & Carroll, New Orleans, La., for defendant.

DAWKINS, District Judge.

Plaintiff sued defendant for the loss of a boat belonging to the Succession of Victor Molero, deceased, simply alleging that it had been destroyed by an explosion, while being operated by deceased in transporting personnel, provisions and explosives belonging to defendant, pursuant to a contract or agreement attached to the complaint, providing as follows:

"This agreement entered into at *Aluvial City, La.,* this *18th* day of *April,* 1952, by and between *Victor Molero,* owner of the boat *Cris-Craft Cruiser* (hereinafter called 'Owner') and United Geophysical Company, Inc., a California Corporation (herinafter called 'United'):

"Witnesseth:

"1. Owner agrees to let and United agrees to hire the Boat *Cris-Craft Cruiser* described as follows:

"Official Number *2OU 484*; Powered *145 h. p. Gasoline*;

"Fuel *gasoline*; Length *27* feet; Beam *8* feet;

"Weight ———— tons; Type *Cruiser*; Year Built *1947*;

"Hull (wood or steel) *wood*;
under the following terms and conditions:

"a) The term of this agreement shall be for a period of *indefinite,* beginning at *6* A.M., P.M., on *April 13,* 1952; provided, however, that United may terminate and cancel this agreement and be relieved of all liability hereunder thereafter to accrue, by giving Owner *24* hours, ~~days~~ notice of cancellation.

"b) Hire will be at the rate of *$750* per *month,* with reductions for all time the boat is out of service due to circumstances beyond United's control.

"c) *The Operator is to be furnished by owner at his, its expense and shall be the employee solely of said party. The Operator shall be fully responsible for the navigation, operation and maintenance of said boat, but shall follow the instructions of United with respect to employment of said boat.*

"d) The crew is to be furnished by *owner* at his, its expense and shall be employees solely of said party.

"e) Fuel and lubricants to be furnished by *United* at his, its expense; provisions, wharfage, port charges and other expenses incident to or incurred in the operation and maintenance of the boat shall be at *United's* expense.

"f) All voyage repairs and ordinary maintenance for wear and tear to be at Owner's expense; all alterations and reconversion to prepare boat for contemplated use to be at United's expense.

"g) United may place on the boat technical personnel, equipment and explosives.

"h) Owner shall indemnify and hold harmless United from any lien or claim of lien upon equipment of United placed aboard said boat.

"i) Delivery and redelivery of said boat shall be at *Aluvial City, La.* unless otherwise mutually agreed.

"j) *In event of claim hereunder arising out of loss or damage to said boat, the valuation of her hull, machinery and all appurtenances is agreed to be $5,000.00.*

"2. Owner warrants he is the sole owner of the Boat *Cris-Craft Cruiser* and that the same is in good and seaworthy condition and will be maintained in such condition during the term of this agreement."
(Emphasis by the writer.)

In paragraphs (c) and (j) quoted above appear the pertinent provisions of the contract.

The petition nowhere states the cause of the explosion, or makes any charge of the violation of the contract or other acts by defendant to render it liable. Apparently, it construes the contract as in the nature of insurance against the loss of the vessel to the extent of $5,000. The agreement required the plaintiff's deceased to operate the boat with its own employees, and the only provision which appears to give defendant any authority or control thereof is found in paragraph (c) above. This provision specifically says that the operator, an employee of plaintiff "shall be responsible for the navigation, operation and maintenance of said boat, *but shall follow the instructions of United (defendant) with respect to the employment of said boat.*" Defendant agreed to furnish the fuel and lubrication for the boat, provisions and wharfage, port charges and other expenses, incident to or incurred in the operation and maintenance of the boat.

As stated earlier, there is no allegation as to the cause of the explosion and while it is extremely doubtful that the petition does state a cause for relief, in view of the Federal Rules of Civil Procedure, 28 U.S.C.A. with regard to short pleading it is felt that instead of dismissing the case the court should allow complainant 20 days in which to amend it by setting forth, if it can, facts which may charge defendant with some act or acts which would make it liable if proven.

If the complaint is not so amended within the time stated, that is, following the filing of this memorandum, then defendant may present a judgment of dismissal.